**LARRY A. WALRAVEN (S.B.# 143327)**
**lwalraven@calemployerlaw.com**
**BRYAN S. WESTERFELD (S.B.# 218253)**
**bwesterfeld@calemployerlaw.com**
**WALRAVEN & LEHMAN LLP**
120 Vantis, Suite 535
Aliso Viejo, California 92656
Telephone: (949) 215-1990
Facsimile: (949) 215-1999

Attorneys for Certain Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FOREST AMBULATORY SURGICAL ASSOCIATES, L.P., doing business as Forest SURGERY CENTER,

Plaintiff,

v.

UNITED HEALTHCARE INSURANCE COMPANY, et al.,

Defendants.

Case No. CV10-04911 EJD

**ADMINISTRATIVE MOTION PURSUANT TO LOCAL RULE 7-11**

**ADMINISTRATIVE MOTION TO RENEW REQUEST FOR CHANGE OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

(Santa Clara Superior Court Number:110CV183843)

Date: March 23, 2012
Time: 9:00 a.m.
Dept.: Ctrm. 4

Complaint Filed: Sept. 29, 2010

* = *See* Attachment A hereto.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that Defendants UNITED HEALTHCARE INSURANCE COMPANY; UNITEDHEALTH GROUP, INC.; UNITED HEALTHCARE SERVICES, INC.; INGENIX, INC.; ABBOTT LABORATORIES HEALTH CARE PLAN; ABBOTT LABORATORIES, INC.; ADVANCED MICRO DEVICES, INC. COMPREHENSIVE WELFARE PLAN (A/K/A ADVANCED MICRO DEVICES HEALTH PLAN); ADVANCED MICRO DEVICES, INC.; AGILENT TECHNOLOGIES MEDICAL PLAN; AGILENT TECHNOLOGIES, INC.; ALAMEDA-CONTRA COSTA TRANSIT DISTRICT WELFARE BENEFIT PLAN; ALAMEDA-CONTRA COSTA TRANSIT DISTRICT; AMERIPRISE FINANCIAL MEDICAL PLAN; AMERIPRISE FINANCIAL, INC.; EMPLOYEE BENEFITS ADMINISTRATION COMMITTEE OF AMERIPRISE FINANCIAL, INC.; AMPLAN, THE AMTRAK UNION BENEFITS PLAN; NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK; APPLE INC. HEALTH AND WELFARE BENEFIT PLAN (A/K/A APPLE MEDICAL PLAN); APPLE INC.; ARAMARK CORPORATION HEALTH BENEFITS PLAN; ARAMARK CORPORATION; AT&T UMBRELLA BENEFIT PLAN NO. 1 – AT&T MEDICAL PLAN (A/K/A AT&T MEDICAL PLAN); AT&T, INC.; AUTOMATIC DATA PROCESSING, INC. HEALTH BENEFITS PLAN; AUTOMATIC DATA PROCESSING, INC; AVAGO TECHNOLOGIES HEALTH BENEFITS PLAN; AVAGO TECHNOLOGIES U.S., INC.; BARNES & NOBLE, INC. HEALTH BENEFITS PLAN; BARNES & NOBLE, INC.; BEST BUY FLEXIBLE BENEFITS PLAN; BEST BUY CO., INC.; CADENCE DESIGN SYSTEMS, INC. CHOICE PLUS MEDICAL PLAN (A/K/A CADENCE MEDICAL PLAN); CADENCE DESIGN SYSTEMS, INC.; CISCO SYSTEMS, INC. WELFARE BENEFIT PLAN (A/K/A CISCO SYSTEMS, INC. MEDICAL PLAN, AND CISCO SYSTEMS, INC. RETIREE MEDICAL ACCESS PLAN); CISCO SYSTEMS, INC.;CNA CHOICE PLUS PREFERRED PROVIDER ORGANIZATION PLAN (A/K/A CNA MEDICAL PLAN); CONTINENTAL CASUALTY COMPANY; COHERENT, INC. WELFARE BENEFIT PLAN; COHERENT, INC.; COVIDIEN HEALTH AND WELFARE

BENEFITS PLAN; COVIDIEN HEALTH AND WELFARE BENEFITS COMMITTEE; TYCO HEALTHCARE GROUP LP; DANAHER CORPORATION HEALTH BENEFITS PLAN; DANAHER CORPORATION; DELTA ACCOUNTBASED HEALTHCARE PLAN; DELTA AIRLINES, INC.; ADMINISTRATIVE COMMITTEE OF DELTA AIRLINES, INC.; DISCOUNT TIRE/AMERICA'S TIRE CO. (REINALT-THOMAS CORP.) WELFARE BENEFIT PLAN; DISCOUNT TIRE/AMERICA'S TIRE/DISCOUNT TIRE DIRECT (REINALT-THOMAS CORP.); UNITEDHEALTHCARE CHOICE PLUS PLAN FOR ECLIPSYS CORPORATION HEALTH BENEFIT PLAN; ECLIPSYS CORPORATION; ELECTRONIC ARTS HEALTH AND WELFARE BENEFIT PLAN; ELECTRONIC ARTS, INC.; FARMER'S GROUP, INC. WELFARE BENFIT PLAN (erroneously sued as FARMERS INSURANCE EXCHANGES HEALTH BENEFITS PLAN); FARMERS INSURANCE EXCHANGE (erroneously sued as FARMERS INSURANCE COMPANY, INC.); FLEXTRONICS INTERNATIONAL USA, INC. WELFARE BENEFIT PLAN; FLEXTRONICS INTERNATIONAL USA, INC.; FOOTHILL DE-ANZA COMMUNITY COLLEGE DISTRICT WELFARE BENEFIT PLAN (A/K/A FOOTHILL DE-ANZA COMMUNITY COLLEGE DISTRICT MEDICAL PLAN); FOOTHILL-DE ANZA COMMUNITY COLLEGE DISTRICT; GENERAL DYNAMICS CORPORATION HEALTH AND WELFARE PLAN (A/K/A GENERAL DYNAMICS CORPORATION PREFERRED PROVIDER ORGANIZATION UHC CHOICE PLUS PLAN A); GENERAL DYNAMICS CORPORATION; UNITEDHEALTHCARE CHOICE PLUS PLAN FOR W.W. GRAINGER, INC.; W.W. GRAINGER, INC.; HEWLETT-PACKARD MEDICAL PLAN; HEWLETT-PACKARD COMPANY; HYNIX SEMICONDUCTOR MANUFACTURING OF AMERICA, INC. WELFARE BENEFIT PLAN; HYNIX SEMICONDUCTOR MANUFACTURING OF AMERICA, INC.; IBM MEDICAL AND DENTAL BENEFIT PLANS FOR REGULAR FULL-TIME AND REGULAR PART-TIME EMPLOYEES; INTERNATIONAL BUSINESS MACHINES CORPORATION; OFFICE OF PLAN ADMINISTRATOR - IBM RETIREMENT PLANS COMMITTEE; INTERSIL CORPORATION HEALTH BENEFITS

PLAN; INTERSIL CORPORATION; JOHNSON MATTHEY INC. HEALTH BENEFITS PLAN; JOHNSON MATTHEY INC.; KLA-TENCOR WELFARE BENEFIT PLAN (A/K/A KLA-TENCOR MEDICAL PLAN); KLA-TENCOR CORPORATION; THE MCGRAW-HILL COMPANIES, INC. GROUP HEALTH PLAN; THE MCGRAW-HILL COMPANIES, INC.; MENTOR GRAPHICS CORPORATION WELFARE BENEFIT PLAN (A/K/A MENTOR GRAPHICS CORPORATION CHOICE PLUS TRADITIONAL PLAN); MENTOR GRAPHICS CORPORATION; NCR HEALTHCARE PLAN (A/K/A NCR FLEXIBLE BENEFITS PROGRAM); NCR CORPORATION; NOKIA, INC. HEALTH BENEFITS PLAN; NOKIA, INC.; NOVELLUS EMPLOYEE WELFARE BENEFIT PLAN; NOVELLUS SYSTEMS, INC.; NXP SEMICONDUCTORS WELFARE BENEFIT PLAN; NXP SEMICONDUCTORS USA, INC.; ORACLE CORPORATION FLEXIBLE BENEFITS PLAN; ORACLE CORPORATION; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION GROUP WELFARE BENEFIT PLAN; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; THE PROCTER & GAMBLE HEALTH CARE PLAN; THE PROCTER & GAMBLE COMPANY; UNITEDHEALTHCARE PPO PLAN FOR QUALCOMM INCORPORATED (A/K/A QUALCOMM INCORPORATED WELFARE BENEFIT PLAN); QUALCOMM INCORPORATED; SOS STEEL COMPANY, INC. HEALTH BENEFITS PLAN; SOS STEEL COMPANY, INC.; SPANSION COMPREHENSIVE WELFARE PLAN (A/K/A SPANSION CHOICE PLUS MEDICAL PLAN); SPANSION, INC.; SVB FINANCIAL GROUP HEALTH PLAN; SVB FINANCIAL GROUP; SYNOPSYS, INC. WELFARE PLAN; SYNOPSYS, INC.; TARGET CORPORATION HEALTH BENEFITS PLAN; TARGET CORPORATION; THE TURNER CORPORATION HEALTH BENEFITS PLAN; THE TURNER CORPORATION; THERMO-FISHER SCIENTIFIC, INC. MEDICAL PLAN (A/K/A THERMO-FISHER SCIENTIFIC, INC. HEALTH AND WELFARE PLAN); THERMO-FISHER SCIENTIFIC, INC.; TOSHIBA AMERICA, INC. HEALTH BENEFITS PLAN; TOSHIBA AMERICA, INC.; US AIRWAYS, INC. HEALTH BENEFIT PLAN; US AIRWAYS, INC.; UNITEDHEALTHCARE CHOICE PLUS FOR

VERISIGN, INC. HEALTH BENEFITS PLAN; VERISIGN, INC.; WELLS FARGO AND COMPANY HEALTH PLAN (A/K/A WELLS FARGO UNITEDHEALTHCARE PPO PLAN, AND WELLS FARGO UNITEDHEALTHCARE CONSUMER DIRECTED HEALTH PLAN); WELLS FARGO AND COMPANY; WHOLE FOODS MARKET GROUP BENEFIT PLAN; WHOLE FOODS MARKET, INC.; WHOLE FOODS MARKET BENEFITS ADMINISTRATIVE COMMITTEE; WILLIAMS-SONOMA HEALTH AND WELFARE BENEFIT PLAN; WILLIAMS-SONOMA, INC.; WIPRO HEALTH AND WELFARE PLAN; and WIPRO LTD hereby seek leave to renew and renew Defendant United HealthCare Insurance Company's prior request for an order transferring venue of the above-captioned case to the Central District of California pursuant to 28 U.S.C. § 1404(a).

This Motion is made pursuant to 28 U.S.C. § 1404(a), Local Rule 7-11 and the Court's prior order dated July 13, 2011. The above-captioned action could have been initiated in the Central District of California, and the interest of justice and the convenience of the parties and witnesses will be served by transferring the case to the Central District of California where a related case is already pending. This motion is based upon this Administrative Motion; the attached Memorandum of Points and Authorities; the Declaration of Bryan S. Westerfeld and supporting exhibits; United's prior Motion to Transfer Venue (Docket Nos. 25 and 40); the pleadings, records and files herein; such matters of which the Court may take judicial notice; and any oral argument on hearing of this motion.

Counsel for the Moving Defendants attempted to obtain Plaintiff's stipulation for a transfer of venue prior to bringing this motion, but Plaintiff was not willing to stipulate. (*See* Westerfeld Decl. ¶ 2.)

Dated: March 2, 2012.

WALRAVEN & LEHMAN LLP

By: /s/ Bryan S. Westerfeld
Bryan S. Westerfeld
Attorneys for Certain Defendants*

* = *See* Attachment A hereto.

## PRELIMINARY STATEMENT

United HealthCare Insurance Company ("United") previously filed a motion to transfer venue seeking to have this action transferred to the Central District of California where a related putative class action – *Downey Surgical Clinic, Inc., et al. v. Ingenix, Inc. et al.*, CV 09-05457 PSG (CTx) (the "Downey Action") – is already pending. United sought transfer based on the significant time, energy and expense to be saved by coordinating discovery in the two actions before a single court and the judicial efficiencies of having a single court rule on the same overlapping legal issues. On July 13, 2011, the Court denied United's motion to transfer, finding that the inconvenience to Plaintiff Forest Ambulatory Surgical Associates, L.P. ("Forest") of a transfer to the Central District outweighed the acknowledged benefits to judicial economy. The Court cited the stay that was then in effect in the Downey Action as the deciding factor that tipped the balance of interests against transfer. However, the Court invited United to renew its request to transfer by administrative motion if the circumstances underlying the Court's decision changed substantially.

Since that time, circumstances have changed substantially. Specifically, (1) the stay in the Downey Action has been lifted, (2) Forest filed a second amended complaint (the "SAC") in this action that mirrors the current amended complaint in the Downey Action, and (3) discovery is proceeding in the Downey Action. Based on these changed circumstances, the Moving Defendants[1] seek to renew the request to transfer under 28 U.S.C. § 1404(a) because the interest of justice and the convenience of the parties and witnesses favor transfer.

## PROCEDURAL HISTORY

### I. UNITED'S INITIAL MOTION TO TRANSFER VENUE

On February 10, 2011, United concurrently filed a motion to transfer venue to the Central District of California and a motion to dismiss the First Amended Complaint. The motion to transfer venue was based on the fact that a related putative class action, the Downey Action, involving very similar allegations against United by another out-of-network

[1] The Moving Defendants are identified in Attachment A.

ambulatory surgery center was already pending in the Central District. Specifically, the motion to transfer noted that both actions (1) were brought by out-of-network ambulatory surgery centers suing based on assignments of benefits obtained from patients, (2) asserted causes of action under ERISA based on allegations that United systematically under reimbursed out-of-network claims, and (3) and were being litigated by the same lead plaintiff's attorney. (Forest Docket No. 25.) United also provided evidence that two specific reimbursement methodologies that plaintiffs in the Downey Action complained were improper had also been used to reimburse a substantial majority of the claims that would be at issue in this action. (*Id.* at 9.) As such, there would be significant overlap in the discovery to be conducted regarding these reimbursement methodologies in both actions.

Given the overlap between the two actions, United asserted under 28 U.S.C. § 1404(a) that the interest of justice and the convenience of the parties and witnesses favored transfer.

## II. THE COURT DENIES TRANSFER BUT GRANTS MOTION TO DISMISS

On July 13, 2011, the Court issued an order denying United's motion to transfer but granting United's motion to dismiss the FAC. With respect to the motion to transfer, the Court recognized the efficiencies to be gained by coordinating the two actions before a single court. (*See* Forest Docket No. 47 at 3) ("Both cases involve United's alleged underpayment of benefits to out-of-network medical service providers. The courts in both actions may eventually need to decide whether United's reimbursement practices are lawful, and that decision may require a substantial amount of factual discovery.") The Court also recognized the significant parallels between United's motion to transfer and the Court's order to transfer venue in *Schott v. Ivy Asset Mgmt. Corp.*, 2010 WL 4117467 (N.D. Cal. Oct. 19, 2010), a recent and similar case. Ultimately, however, this Court determined that the inconvenience to Forest in transferring this action to the Central District was greater than the inconvenience to the plaintiff in *Schott* because the Downey Action with which Forest would be coordinated was at that time subject to a stay of proceedings. This added inconvenience was enough to tip the balance against transfer. The Court concluded, however, by stating that "[i]f the circumstances underlying this decision change substantially, United may seek the Court's

leave – by administrative motion, pursuant to Civil L.R. 7-11 – to renew its request for a change of venue." (Forest Docket No. 47 at 6.)

## III. THE CIRCUMSTANCES UNDERLYING THE COURT'S DECISION TO DENY TRANSFER CHANGE SUBSTANTIALLY

### A. The Central District Lifts The Stay In The Downey Action

On October 20, 2011, the Central District (Judge Philip Gutierrez) issued an order formally lifting the stay in the Downey Action. (Downey Docket No. 133.) The parties subsequently stipulated to schedule oral argument on the defendants' pending motion to dismiss in that action for January 9, 2012. (*Id.* No. 135.) On January 5, 2012, however, the court took the motion under submission without oral argument. (*Id.* No. 141.) Judge Gutierrez could issue a ruling on the motion at any time.

### B. Forest Models Its Second Amended Complaint After The Current Amended Complaint In The Downey Action

On September 30, 2011, Forest filed its Second Amended Complaint ("SAC") in this matter. Unlike the FAC, the SAC is modeled after the current amended complaint in the Downey Action. The FAC was drafted by Forest's prior counsel and only generally alleged that United had underpaid a number of unidentified claims. By contrast, the SAC was drafted by the same attorneys who are litigating the Downey Action and the complaints in both cases:

- Assert causes of action based on patient assignments under ERISA § 502(a)(1)(B) (claim for benefits), ERISA § 502(a)(3) (full and fair review), and California Business & Professions Code § 17200;
- ***Expressly*** challenge United's use of (1) a multiple of the highest in-network rate, and (2) a program based on a multiple of Medicare rates called the Maximum Non-Network Reimbursement Program ("MNRP") as reimbursement methodologies;
- Heavily rely on allegations regarding a handful of exemplar claims;
- Sue the same four United defendants; and
- Have named various benefit plans and plan sponsors as defendants.

(*Compare* Forest Docket No. 52 (SAC) *with* Downey Docket No. 63.) In addition, the attorneys who are currently litigating this action on behalf of Forest are the same attorneys who are handling the Downey Action, led by Daron Tooch of Hooper, Lundy & Bookman's Los Angeles office. (Westerfeld Decl. ¶ 3.)

C. Discovery Proceeds In The Downey Action

With the stay lifted, the plaintiffs in the Downey Action recently served several sets of written discovery. (Westerfeld Decl. ¶ 4.) The parties are currently in the process of meeting and conferring on a time frame and method for the defendants to respond to these discovery requests. (*Id.* ¶ 5.) Much of the discovery relates to United's use of a multiple of the highest in-network rate methodology, which will also be at issue in this action. (*Id.*)

**ARGUMENT**

When the Court denied United's prior motion to transfer venue it did so based primarily on one overriding factor, the inconvenience to Forest of having its claims coordinated with another action that was subject to a stay of proceedings. Those circumstances have changed substantially – the stay no longer exists and discovery is proceeding in the Downey Action. In addition, the SAC now mirrors the current amended complaint in the Downey Action. In both cases defendants have filed motions to dismiss, which make several of the exact same legal arguments, including:

- Plaintiffs fail to state a claim under ERISA § 502(a)(1)(B) because they do not identify the claims at issue or the terms of the benefit plans that were purportedly breached;
- Plaintiffs fail to state a claim under ERISA § 502(a)(1)(B) because the reimbursement methodologies complained of do not violate plan terms;
- The United Defendants are not proper defendants to a claim under ERISA § 502(a)(1)(B);
- Plaintiffs' ERISA claims should be dismissed as to those plans that expressly prohibit assignments;
- Plaintiffs lack standing to pursue a claim under ERISA § 502(a)(3);

- ERISA preempts Plaintiffs' cause of action under California Business & Professions Code § 17200.

(*Compare* Motion to Dismiss SAC *with* Downey Docket Nos. 92 and 108.)

While the factual and legal links between the two cases are now even stronger than before, the inconvenience of transfer to Forest is now much less than it was previously given that the stay in the Downey Action has been lifted, and it is clearly less than the inconvenience imposed upon the plaintiff in *Schott*, where the Court found that the interests of justice favored transfer. In *Schott*, the plaintiff had lived and worked in the Northern District of California his entire life, many meetings between the parties occurred in the Northern District, and the parties entered into the written agreement that was in dispute in the Northern District. Essentially all of the plaintiff's dealings with the defendant were in the Northern District. *Id.* Nevertheless, the Court found that the interests of justice, in particular "the added efficiency of adjudicating related litigation in the same venue and the increased likelihood of avoiding inconsistent rulings," outweighed the plaintiff's choice of forum. *Id.* at *7. This was so even though plaintiff was an individual and the related litigation was a much more complex class action lawsuit pending in the Southern District of New York. *Id.* at *5. Here, Forest is not an individual being required to litigate across the country. It is a multi-million dollar per year medical facility being required to litigate a few hundred miles away in a forum where its own Los Angeles-based attorneys are already litigating a related case.

**CONCLUSION**

For all the foregoing reasons, the Moving Defendants respectfully seek to renew and renew United's prior request that this Court transfer the above-captioned case to the Central District of California pursuant to 28 U.S.C. § 1404(a).

Dated: March 2, 2012 WALRAVEN & LEHMAN LLP

By: /s/Bryan S. Westerfeld
Bryan S. Westerfeld
Attorneys for Certain Defendants*

* = *See* Attachment A hereto.

**ATTACHMENT A**

**Companies and Group Health Plans Represented by Walraven & Lehman LLP:**

UNITED HEALTHCARE INSURANCE COMPANY;

UNITEDHEALTH GROUP, INC.;

UNITED HEALTHCARE SERVICES, INC.;

INGENIX, INC.;

ABBOTT LABORATORIES HEALTH CARE PLAN;

ABBOTT LABORATORIES, INC.;

ADVANCED MICRO DEVICES, INC. COMPREHENSIVE WELFARE PLAN (A/K/A ADVANCED MICRO DEVICES HEALTH PLAN);

ADVANCED MICRO DEVICES, INC.;

AGILENT TECHNOLOGIES MEDICAL PLAN;

AGILENT TECHNOLOGIES, INC.;

ALAMEDA-CONTRA COSTA TRANSIT DISTRICT WELFARE BENEFIT PLAN;

ALAMEDA-CONTRA COSTA TRANSIT DISTRICT;

AMERIPRISE FINANCIAL MEDICAL PLAN;

AMERIPRISE FINANCIAL, INC.;

EMPLOYEE BENEFITS ADMINISTRATION COMMITTEE OF AMERIPRISE FINANCIAL, INC.;

AMPLAN, THE AMTRAK UNION BENEFITS PLAN;

NATIONAL RAILROAD PASSENGER CORPORATION D/B/A AMTRAK;

APPLE INC. HEALTH AND WELFARE BENEFIT PLAN (A/K/A APPLE MEDICAL PLAN);

APPLE INC.;

ARAMARK CORPORATION HEALTH BENEFITS PLAN;

ARAMARK CORPORATION;

AT&T UMBRELLA BENEFIT PLAN NO. 1 – AT&T MEDICAL PLAN (A/K/A AT&T MEDICAL PLAN);

AT&T, INC.;

AUTOMATIC DATA PROCESSING, INC. HEALTH BENEFITS PLAN;

AUTOMATIC DATA PROCESSING, INC;

AVAGO TECHNOLOGIES HEALTH BENEFITS PLAN;

AVAGO TECHNOLOGIES U.S., INC.;

BARNES & NOBLE, INC. HEALTH BENEFITS PLAN;

BARNES & NOBLE, INC.;

BEST BUY FLEXIBLE BENEFITS PLAN;

BEST BUY CO., INC.;

CADENCE DESIGN SYSTEMS, INC. CHOICE PLUS MEDICAL PLAN (A/K/A CADENCE MEDICAL PLAN);

CADENCE DESIGN SYSTEMS, INC.;

CISCO SYSTEMS, INC. WELFARE BENEFIT PLAN (A/K/A CISCO SYSTEMS, INC. MEDICAL PLAN, AND CISCO SYSTEMS, INC. RETIREE MEDICAL ACCESS PLAN);

CISCO SYSTEMS, INC.;

CNA CHOICE PLUS PREFERRED PROVIDER ORGANIZATION PLAN (A/K/A CNA MEDICAL PLAN);

CONTINENTAL CASUALTY COMPANY;

COHERENT, INC. WELFARE BENEFIT PLAN;

COHERENT, INC.;

COVIDIEN HEALTH AND WELFARE BENEFITS PLAN;

COVIDIEN HEALTH AND WELFARE BENEFITS COMMITTEE;

TYCO HEALTHCARE GROUP LP;

DANAHER CORPORATION HEALTH BENEFITS PLAN;

DANAHER CORPORATION;

DELTA ACCOUNTBASED HEALTHCARE PLAN;

DELTA AIRLINES, INC.;

ADMINISTRATIVE COMMITTEE OF DELTA AIRLINES, INC.;

DISCOUNT TIRE/AMERICA'S TIRE CO. (REINALT-THOMAS CORP.) WELFARE BENEFIT PLAN;

DISCOUNT TIRE/AMERICA'S TIRE/DISCOUNT TIRE DIRECT (REINALT-THOMAS CORP.);

UNITEDHEALTHCARE CHOICE PLUS PLAN FOR ECLIPSYS CORPORATION HEALTH BENEFIT PLAN;

ECLIPSYS CORPORATION;

ELECTRONIC ARTS HEALTH AND WELFARE BENEFIT PLAN;

ELECTRONIC ARTS, INC.;

FARMER'S GROUP, INC. WELFARE BENFIT PLAN (erroneously sued as FARMERS INSURANCE EXCHANGES HEALTH BENEFITS PLAN);

FARMERS INSURANCE EXCHANGE (erroneously sued as FARMERS INSURANCE COMPANY, INC.);

FLEXTRONICS INTERNATIONAL USA, INC. WELFARE BENEFIT PLAN;

FLEXTRONICS INTERNATIONAL USA, INC.;

FOOTHILL DE-ANZA COMMUNITY COLLEGE DISTRICT WELFARE BENEFIT PLAN (A/K/A FOOTHILL DE-ANZA COMMUNITY COLLEGE DISTRICT MEDICAL PLAN);

FOOTHILL-DE ANZA COMMUNITY COLLEGE DISTRICT;

GENERAL DYNAMICS CORPORATION HEALTH AND WELFARE PLAN (A/K/A GENERAL DYNAMICS CORPORATION PREFERRED PROVIDER ORGANIZATION UHC CHOICE PLUS PLAN A);

GENERAL DYNAMICS CORPORATION;

UNITEDHEALTHCARE CHOICE PLUS PLAN FOR W.W. GRAINGER, INC.;

W.W. GRAINGER, INC.;

HEWLETT-PACKARD MEDICAL PLAN;
HEWLETT-PACKARD COMPANY;
HYNIX SEMICONDUCTOR MANUFACTURING OF AMERICA, INC. WELFARE BENEFIT PLAN;
HYNIX SEMICONDUCTOR MANUFACTURING OF AMERICA, INC.;
IBM MEDICAL AND DENTAL BENEFIT PLANS FOR REGULAR FULL-TIME AND REGULAR PART-TIME EMPLOYEES;
INTERNATIONAL BUSINESS MACHINES CORPORATION;
OFFICE OF PLAN ADMINISTRATOR - IBM RETIREMENT PLANS COMMITTEE;
INTERSIL CORPORATION HEALTH BENEFITS PLAN;
INTERSIL CORPORATION;
JOHNSON MATTHEY INC. HEALTH BENEFITS PLAN;
JOHNSON MATTHEY INC.;
KLA-TENCOR WELFARE BENEFIT PLAN (A/K/A KLA-TENCOR MEDICAL PLAN);
KLA-TENCOR CORPORATION;
THE MCGRAW-HILL COMPANIES, INC. GROUP HEALTH PLAN;
THE MCGRAW-HILL COMPANIES, INC.;
MENTOR GRAPHICS CORPORATION WELFARE BENEFIT PLAN (A/K/A MENTOR GRAPHICS CORPORATION CHOICE PLUS TRADITIONAL PLAN);
MENTOR GRAPHICS CORPORATION;
NCR HEALTHCARE PLAN (A/K/A NCR FLEXIBLE BENEFITS PROGRAM);
NCR CORPORATION;
NOKIA, INC. HEALTH BENEFITS PLAN;
NOKIA, INC.;
NOVELLUS EMPLOYEE WELFARE BENEFIT PLAN;
NOVELLUS SYSTEMS, INC.;
NXP SEMICONDUCTORS WELFARE BENEFIT PLAN;
NXP SEMICONDUCTORS USA, INC.;

ORACLE CORPORATION FLEXIBLE BENEFITS PLAN;

ORACLE CORPORATION;

PHILIPS ELECTRONICS NORTH AMERICA CORPORATION GROUP WELFARE BENEFIT PLAN;

PHILIPS ELECTRONICS NORTH AMERICA CORPORATION;

THE PROCTER & GAMBLE HEALTH CARE PLAN;

THE PROCTER & GAMBLE COMPANY;

UNITEDHEALTHCARE PPO PLAN FOR QUALCOMM INCORPORATED (A/K/A QUALCOMM INCORPORATED WELFARE BENEFIT PLAN);

QUALCOMM INCORPORATED;

SOS STEEL COMPANY, INC. HEALTH BENEFITS PLAN

SOS STEEL COMPANY, INC.

SPANSION COMPREHENSIVE WELFARE PLAN (A/K/A SPANSION CHOICE PLUS MEDICAL PLAN); SPANSION, INC.;

SVB FINANCIAL GROUP HEALTH PLAN;

SVB FINANCIAL GROUP;

SYNOPSYS, INC. WELFARE PLAN;

SYNOPSYS, INC.;

TARGET CORPORATION HEALTH BENEFITS PLAN;

TARGET CORPORATION;

THE TURNER CORPORATION HEALTH BENEFITS PLAN;

THE TURNER CORPORATION;

THERMO-FISHER SCIENTIFIC, INC. MEDICAL PLAN (A/K/A THERMO-FISHER SCIENTIFIC, INC. HEALTH AND WELFARE PLAN);

THERMO-FISHER SCIENTIFIC, INC.;

TOSHIBA AMERICA, INC. HEALTH BENEFITS PLAN;

TOSHIBA AMERICA, INC.;

US AIRWAYS, INC. HEALTH BENEFIT PLAN;

US AIRWAYS, INC.;

UNITEDHEALTHCARE CHOICE PLUS FOR VERISIGN, INC. HEALTH BENEFITS PLAN;

VERISIGN, INC.;

WELLS FARGO AND COMPANY HEALTH PLAN (A/K/A WELLS FARGO UNITEDHEALTHCARE PPO PLAN, AND WELLS FARGO UNITEDHEALTHCARE CONSUMER DIRECTED HEALTH PLAN);

WELLS FARGO AND COMPANY;

WHOLE FOODS MARKET GROUP BENEFIT PLAN;

WHOLE FOODS MARKET, INC.;

WHOLE FOODS MARKET BENEFITS ADMINISTRATIVE COMMITTEE;

WILLIAMS-SONOMA HEALTH AND WELFARE BENEFIT PLAN;

WILLIAMS-SONOMA, INC.;

WIPRO HEALTH AND WELFARE PLAN;

WIPRO LTD

# PROOF OF SERVICE

I, Jessica M. Ridley, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 120 Vantis, Suite 535, Aliso Viejo, California 92656. On March 2, 2012, I served the within documents:

**ADMINISTRATIVE MOTION TO RENEW REQUEST FOR CHANGE OF VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Aliso Viejo, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Daron L. Tooch
Hooper, Lundy & Bookman
1875 Century Park East, Suite 1600
Los Angeles, CA 90067

(310) 551-8111
(310) 551-8181-FAX

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on On March 2, 2012, at Aliso Viejo, California.

Jessica M. Ridley